# Supreme Court of Florida

————————

No. SC20-1153

————————

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE—2020 FAST-TRACK REPORT.**

March 11, 2021

PER CURIAM.

This matter is before the Court for consideration of further amendments to the Florida Rules of Juvenile Procedure.[1]  Previously in this case, The Florida Bar's Juvenile Court Rules Committee (Committee) filed a "fast-track" report proposing amendments to the Florida Rules of Juvenile Procedure in response to recent legislation.  *See* Fla. R. Jud. Admin. 2.140(e).  The Court adopted the amendments as proposed by the Committee.  *In re Amends. to Fla. Rules of Juv. Proc.—2020 Fast-Track Report*, 302 So. 3d 309 (Fla. 2020).

Because the amendments were not published for comment prior to their adoption, interested parties were permitted to file comments with the Court after

---

1. We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

their adoption.  One comment was received, and the Committee filed a response.

Upon consideration of the comment and response, the Court now further amends

the Florida Rules of Juvenile Procedure as discussed below.

**BACKGROUND**

In the September 10, 2020, opinion in this case, the Court amended Florida

Rules of Juvenile Procedure 8.225 (Process, Diligent Searches, and Service of

Pleadings and Papers), 8.345 (Post-Disposition Relief), 8.400 (Case Plan

Development), and 8.415 (Judicial Review of Dependency Cases).  These

amendments were in response to legislative changes to sections 39.0137, 39.522,

39.6011, and 39.701, Florida Statutes (2019).  *See* ch. 2020-65, § 2, Laws of Fla.;

ch. 2020-138, §§ 5-7, Laws of Fla.  The amendments included, but were not

limited to, enumerating the factors that a court must consider when determining a

change of child custody or placement and requiring written notice to parents and

caregivers that they must work together towards the success of the case plan.

The amendments became effective immediately upon the release of the

September 10, 2020, opinion.  However, interested persons were given an

opportunity to file comments with the Court after the amendments were adopted.

One comment was filed suggesting additional amendments to rule 8.345 (Post-

Disposition Relief) and requesting further amendments to the Florida Rules of

Juvenile Procedure in light of chapter 2020-138, section 10, Laws of Florida,

- 2 -

which created section 409.1415, Florida Statutes (2020), a statute that was not addressed in the Committee's fast-track report.

The Committee filed a response, wherein it agreed with the comment's suggested amendments to rule 8.345. However, it declined to propose further amendments in response to section 409.1415. The Executive Committee of the Board of Governors of The Florida Bar (Board) unanimously approved the suggested amendment to rule 8.345(b)(1) (Generally). The proposed amendment adding new subdivision (3) (Removal from Home) to rule 8.345(b) (Standard for Changing Custody) was previously approved by the Board; however, the proposal was inadvertently omitted from the Committee's fast-track report.

Upon consideration of the comment and the Committee's response, the Court adopts the additional amendments to rule 8.345 as requested by the Committee but declines to further amend the Florida Rules of Juvenile Procedure in response to section 409.1415.

**AMENDMENTS**

First, rule 8.345(b)(1) (Generally), which outlines the standard for changing custody of the child, was previously amended to list the factors that the court must consider in determining whether a change of custody is in the child's best interest. The rule is now amended, as suggested, by deleting "applying this standard, the court shall consider the continuity of the child's placement in the same out-of-

home residence as a factor when determining" so that the rule tracks the statutory language. Also, we adopt the grammatical changes to rule 8.345(b)(1) as suggested in the comment.

Additionally, new subdivision (3) (Removal from Home) is added to rule 8.345(b) (Standard for Changing Custody), as suggested, to incorporate the legislative changes. Specifically, the new subdivision addresses the factors that must be used by a court when considering whether to remove a child who has been reunified with a parent pursuant to an in-home safety plan.

## CONCLUSION

Accordingly, Florida Rule of Juvenile Procedure 8.345 is amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Matthew Charles Wilson, Chair, Florida Rules of Juvenile Procedure Committee, Crestview, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Robin L. Rosenberg on behalf of Florida's Children First, Coral Springs, Florida,

Responding with comments

# APPENDIX

**RULE 8.345.** **POST-DISPOSITION RELIEF**

**(a)** **[No Change]**

**(b)** **Standard for Changing Custody.**

(1) *Generally.* The standard for changing custody of the child shall be the best interests of the child. When determining whether a change of legal custody or placement is in ~~applying this standard, the court shall consider the continuity of the child's placement in the same out-of-home residence as a factor when determining~~ the best interests of the child, the court shall consider:

(A) - (J)    [No Change]

(2)    [No Change]

(3)    *Removal from Home.* In cases in which the issue before the court is whether to place a child in out-of-home care after the child was placed in the child's own home with an in-home safety plan or the child was reunified with a parent or caregiver with an in-home safety plan, the court must consider, at a minimum, the following factors in making its determination whether to place the child in out-of-home care:

(A) The circumstances that caused the child's dependency and other subsequently identified issues.

(B) The length of time the child has been placed in the home with an in-home safety plan.

(C) The parent's or caregiver's current level of protective capacities.

(D) The level of increase, if any, in the parent's or caregiver's protective capacities since the child's placement in the home based on the length of time the child has been placed in the home.

**(c) - (d)** **[No Change]**